Wilton LAYNE, Plaintiff,

v.

Max CLELAND, as Director of the United States Veterans Administration; and Ruth T. Prokop, as Chairperson of the United States Merit Systems Protection Board; and the United States Civil Service Commission, Defendants.

No. 80 Civ. 290.

United States District Court,
E. D. New York.

Oct. 15, 1980.

Catherine P. Mitchell, Norman Spiegel, Community Action for Legal Service Handicapped Persons Legal Support Unit, New York City, of counsel, for plaintiff.

E. R. Korman, U. S. Atty., E. D. N. Y. by Ben Wiles, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

MEMORANDUM & ORDER

PLATT, District Judge.

This is an action brought under 29 U.S.C. § 794a by plaintiff, Wilton Layne, in which he alleges he was discharged by his employer, the United States Veterans Administration ("VA") in violation of 5 U.S.C. § 7203, 29 U.S.C. § 791 and 29 C.F.R. § 1613 et seq. Those sections prohibit discrimination in employment based on physical handicaps. Plaintiff seeks reinstatement and compensation for lost wages and benefits or, in the alternative, a remand to the VA for further consideration.

Defendant has moved for judgment on the pleadings on the ground that plaintiff has failed to exhaust his administrative remedies prior to instituting this action or, in the alternative, on the ground that the action is time–barred. Defendant has also moved for summary judgment on the merits.

I

Plaintiff, Wilton Layne, was employed as a food service worker at the VA Hospital, St. Albans facility, on September 15, 1974. In October 1975 plaintiff experienced a loss of consciousness which was diagnosed as epilepsy. He was placed on medication and had no further episodes on the job until once in September 1977, on a day he claims he forgot to take his medication. On May 30, 1978 he was notified by letter that he would be terminated because his epilepsy rendered him unfit to work as a food service worker. Plaintiff was informed he could respond in writing to the hospital director. On June 12, 1978 he did respond by letter, indicating he felt he was being discriminated against because of his handicap in violation of the law. The VA rejected plaintiff's response and terminated him as of July 14, 1978. The notice informed him of his right to appeal to the Civil Service Commission. Plaintiff filed his appeal on July 26, 1978, in which by reference to his June 12 letter he charged the VA with discrimination.

On October 13, 1978 a hearing was held before the Civil Service Commission pursuant to the provisions of 5 C.F.R. §§ 752–772. These sections set forth the grievance procedures in cases of routine adverse agency actions including dismissal from employment in non–discrimination cases. The Commission upheld plaintiff's dismissal by letter dated December 14, 1978.

On January 17, 1979 plaintiff again wrote to the VA charging discrimination. The VA responded on February 15, 1979, informing plaintiff he had 30 days from the date of the alleged discriminatory act (which was July 14, 1978) to consult an Equal Employment Opportunity ("EEO") counselor.

On May 9, 1979 plaintiff asked the Merit System Protection Board (the erstwhile Civil Service Commission) to reconsider its prior determination. That request was denied on July 24, 1979.

In September 1979 plaintiff retained his present counsel. On October 31, 1979 counsel called the VA on the telephone, requesting that it reprocess plaintiff's grievance under 29 C.F.R. § 1613 et seq., which sets forth the grievance machinery applicable in cases of charges of discrimination.[1] In the same phone conversation the VA replied that the claim would not be reprocessed. Counsel sent a letter to the VA later on the same day reiterating the substance of the conversation. Thereafter, on February 8, 1980, the instant action was commenced.

In this motion, defendant claims the suit must be dismissed because plaintiff has failed to exhaust his administrative remedies by not having had agency consideration of his discrimination charge. At the same time defendant asserts that an EEO complaint is time–barred for plaintiff's failure to act within 30 days of the alleged discriminatory act. Finally defendant claims that even if this action is not barred for failure to exhaust, civil suit is barred by 42 U.S.C. § 2000e–16, which requires that civil actions by federal employees based on employment

discrimination must be brought within 30 days of the final agency action denying the claim. For this purpose, defendant claims October 31, 1979, the date counsel spoke with the VA, to be the operative date.

By contrast, plaintiff claims that it was incumbent on defendant, once notified by plaintiff that he considered his discharge to be based on discrimination, to process his appeal under the regulations dealing with discrimination, and that any failure to comply with applicable time limits was as a result of defendant's failure to process the claim in the manner required by law. Further, plaintiff claims that civil suit is not barred by the 30–day period of 42 U.S.C. § 2000e–16, since the conversation and letter of October 31, 1979 between counsel and the VA cannot be construed to be "receipt of notice of final action" under that section.

## II

A review of the regulations relevant to the case at bar demonstrates that the United States Government has undertaken to become a "model employer" by providing procedural safeguards against all forms of discrimination in employment. See 29 C.F.R. § 1613.202 and 29 C.F.R. § 1613.203. It further appears on the face of the regulations in issue that in keeping with this policy, the government has shifted the responsibility for ensuring the fair adjudication of allegations of discrimination from the aggrieved employee to the discharging agency. Once an employee has communicated a claim of discrimination to the agency taking the adverse action, thereby setting in motion the grievance machinery, the agency must follow the procedures set forth in 29 C.F.R. § 1613 et seq. as opposed to those in 5 C.F.R. §§ 752–772.

29 C.F.R. § 1613.219 provides in pertinent part:

§ 1613.219 Relationship to other agency appellate procedures.

---

1. 29 C.F.R. § 1613 is the recodification of 5 C.F.R. § 713, which was actually in effect at the time counsel contacted the VA.

When an employee makes a written allegation of discrimination on grounds of race, color, religion, sex or national origin, in connection with an action that would otherwise be processed under a grievance or other system of the agency, the allegation of discrimination shall be processed under this part.

Once such a charge has been made, 29 C.F.R. § 1613.213 requires that the employee be referred to an EEO Counselor for investigation and the filing of a formal complaint:

§ 1613.213 Precomplaint processing

(a) An agency shall require that an aggrieved person who believes that he has been discriminated against because of race, color, religion, sex or national origin consult with an EEO Counselor when he wishes to resolve the matter.

In addition, 5 C.F.R. § 772.306 provides that when an employee makes a timely appeal of an adverse agency action and alleges in writing that the agency's action was discriminatory, the employee must be informed of his right to proceed under 29 C.F.R. 1613. If the employee, having been so informed, still elects to proceed under the ordinary grievance procedures, the agency still must refer that portion of the charge dealing with discrimination to the EEOC for investigation. 5 C.F.R. § 772.306(b).

Finally, 5 C.F.R. § 772.306(e) provides that even in a case where the charge of discrimination is first made in the course of a hearing under 5 C.F.R. §§ 752–772, and the employee shows good cause for not having presented the charge earlier, the hearing examiner must suspend the hearing and refer the matter for further investigation.

It should be noted that although the above–cited regulations do not include physical handicaps as a basis for a charge of discrimination, they were amended by 43 F.R. 12293, effective April 10, 1978, which reads in part:

SUMMARY: Part 713 [now 29 C.F.R. 1613] is amended to set forth an appeals system for hearing complaints of discrimination based on physical or mental handicap. This appeals system will follow the existing procedures provided for discrimination complaints based on race, color, religion, sex, national origin and age.

On the record in this case, it is clear that the VA failed to follow the regulatory requirements set forth above in dealing with plaintiff's complaint. Plaintiff first alleged a claim of discrimination in his letter of June 12, 1978. Although technically this was before any adverse action was taken against him, plaintiff reiterated his charge by his July 26 letter. This was within 30 days of July 14, 1978, the date of the alleged discriminatory act. By these acts, plaintiff shifted to defendant the burden of seeing that his charge of discrimination was properly dealt with. Nevertheless, plaintiff was not referred to an EEO Counselor, as required by 29 C.F.R. § 1613.219 and § 1613.213. He was not informed of his rights under 1613 as required by 5 C.F.R. § 772.306. His written complaint was not referred to the agency for investigation under 5 C.F.R. § 772.306(b). The hearing examiner at the October 13, 1978 hearing did not refer the charge of discrimination to the agency for investigation, as he should have under 5 C.F.R. § 772.306(e). Certainly, plaintiff may not be charged with untimeliness in his failure to consult an EEO Counselor, when in fact the first agency communication informing him of his duty to do so within 30 days of the alleged discriminatory act came by way of the agency's letter of February 15, 1979, over 7 months after plaintiff was discharged. In short, it was defendant's failure to follow the regulations set forth above that operated to deprive plaintiff of the rights and safeguards to which he was entitled under 29 C.F.R. § 1613. For defendant to claim first, that plaintiff has failed to exhaust his administrative remedies and as such he may not bring a civil action, and second, that plaintiff is now time–barred from pursuing not only those administrative remedies but also a civil action by virtue of 42 U.S.C. § 2000e–16 is to place plaintiff in a "Catch–22" position for a situation not of his own making.

We must agree with defendant, however, that the agency has not yet been given the opportunity to "set its own house in order." There has been no administrative determination based on an evaluation of plaintiff's grievance in its posture as a discrimination case. We therefore conclude that the action is premature at this time, and that the case must be remanded for agency adjudication in accordance with the procedures set forth in 29 C.F.R. § 1613.[2]

### III

For the reasons stated above, the complaint in this action is hereby dismissed without prejudice, with the direction that the matter be remanded to the EEOC Counselor in the Veterans Administration for review in accordance with the provisions of 29 C.F.R. § 1613 *et seq.*

SO ORDERED.

---

**2.** In view of our decision herein, we need not decide defendant's allegation that this action was not timely brought under 42 U.S.C. § 2000e–16.